ON MOTION FOR REHEARING
STONE, Judge.
Appellant’s motion for rehearing is granted. The opinion of January 11, 1989 is withdrawn, and we substitute the following opinion:
The issue in this appeal is whether Viola Pearl is covered under the terms of her insurance policy for a liability claim arising out of the operation of a rented golf cart. The trial court, in an action brought by the insurer for declaratory relief, determined that there was coverage. We affirm.
The provisions of the liability section of the policy cover the insureds for their use of “any auto or trailer” and for any “auto” accident. The policy does not define the term “auto” as used anywhere in the poli *884 cy. However, the policy does contain a specific exclusion to the liability provisions:
We do not provide Liability Coverage for the ownership, maintenance or use of:
1. Any motorized vehicle having less than four wheels.
The company concedes that the golf cart driven by the insured was a four wheel vehicle, and therefore the specific exclusion is not applicable. Appellees assert that the implication of the exclusionary terminology is that there is coverage for use of a motorized vehicle having four wheels. In Meister v. Fisher, 462 So.2d 1071 (Fla.1984), the supreme court recognized that a golf cart is a “motor vehicle.”
The insurance company contends that the policy is not ambiguous because a golf cart is not ordinarily thought of as an automobile. However, the trial court determined that since the policy contained no definition of these terms, and since the golf cart, as a four wheel motorized vehicle, was not within the exclusionary language, the policy was ambiguous and should be construed in favor of the insureds.
The appellant could easily have defined these terms and elected not to do so. We recognize the difficulty confronting the insurance industry in balancing the need to state the terms of a policy clearly while at the same time avoiding excessive verbiage and “legalese.” Nevertheless, here the use of the sole term “auto” was particularly potentially misleading because the applicable exclusionary clause implies that four wheel vehicles are covered. In National Merchandise Co. v. United Service Automobile Ass’n, 400 So.2d 526 (Fla. 1st DCA 1981), the court recognized, in discussing a similar insurance policy ambiguity, that brevity and clarity are “not necessarily synonymous.” Id. at 530. Here, taking the liability section of the policy as a whole, we conclude that the trial court did not err in recognizing that the use of the undefined term “auto,” coupled with the language in the exclusionary clause, created an ambiguity, and in construing the intent of the parties against the insurer. Cf. National Merchandise Co. v. United Service Automobile Ass’n.
DELL and GUNTHER, JJ., concur.